IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) CRIMINAL ACTION NO. |
| v. | ) |
| | ) 1:15-CR-400-MHC-AJB |
| DEAMONTE KENDRICKS | ) |
| _____ | ) |

SENTENCING MEMORANDUM

COMES NOW the Defendant, DEAMONTE KENDRICKS, by and through undersigned counsel, and files this sentencing memorandum in support of his request for a reasonable sentence of 37 months imprisonment. In support hereof, Mr. Kendricks shows as follows:

**I.  A Below Guidelines Sentence Is Necessary to Avoid Unwarranted Disparity**

Mr. Kendricks was arrested for this offense with Martinez Arnold. Mr. Arnold and Mr. Kendricks were both originally charged in Fulton County, where their case remains pending. See PSR, at ¶ 35; Fulton County Case No. 15SC140116, Dockets attached as Exhibit 1. Mr. Arnold remains on bond, despite a failure to appear, and it is not clear when or whether his case will be tried. Mr. Arnold was also present in the car during the January 6, 2015 traffic stop referenced in paragraph 11 of the

presentence report.[1]  See PSR, at ¶ 11; Atlanta Police Department Report, attached as Exhibit 2.

Section 3553(a) of Title 18 provides that unwarranted disparity among defendants with similar records who have been found guilty of similar conduct should be avoided.  18 U.S.C. § 3553(a)(6).  In this case, Mr. Kendricks's only felony conviction making possession of a weapon unlawful is shoplifting.  He is similarly situated to Mr. Arnold, who has yet to face judgment for his actions and who was the instigator of the proposed "drive-by", which was retaliation for Mr. Arnold being beaten at a club.  PSR, at ¶ 10.

Mr. Arnold is older than Mr. Kendricks and was the leading force behind the conduct.  Because the instigator and most culpable person has yet to be tried and remains on bond, a variance for Mr. Kendricks is reasonable to avoid unwarranted disparity between similarly situated people who engaged in the same conduct.[2]

---

[1] At the time of the traffic stop on January 6, 2015, Mr. Kendricks was not a felon and his possession of the weapon was not unlawful.

[2] Mr. Kendricks remains subject to the pending charges in Fulton County as well.  PSR, at ¶ 35.

## II. A Below Guidelines Sentence Is Reasonable Because Mr. Kendricks's Guidelines Are Higher Due to His Honesty

When Mr. Kendricks was arrested and made his initial appearance in Fulton County, he was appointed counsel. Entry of Appearance dates October 2, 2015, attached as Exhibit 3. In her notice of appearance, counsel invoked his rights and requested that any further requests for waivers of his Fifth and Sixth Amendment rights be directed to counsel. *Id.*

Nevertheless, on October 6th and 12th, investigators removed Mr. Kendricks from the jail, took him to an APD office and questioned him. Mr. Kendricks waived his rights and spoke with the investigators. It was during these interrogations that Mr. Kendricks told investigators that he was driving Mr. Arnold to a known gang hangout so Mr. Arnold could retaliate against the gang that had beaten him. PSR, at ¶ 10.

If Mr. Kendricks had remained silent, or the officers had honored the invocation filed by his counsel, he would not now be subject to the four level enhancement for possession of the weapon in connection with another felony offense. PSR, at ¶ 18. Given that he was questioned against his counsel's direct request, that he was honest with the officers, and that Arnold was the intended shooter, a four level enhancement, while technically correct, raises the Guideline range to a level that is unreasonably high.

Without the four level enhancement, the Guideline range would be 41 to 51 months. Given that Mr. Arnold was the instigator of this offense conduct and has not been punished and remains on bond, and that Mr. Kendricks's felony, and only prior conviction, that makes him eligible for prosecution as a felon in possession is shoplifting, Mr. Kendricks submits that a below Guidelines sentence is reasonable and respectfully requests a sentence of 37 months imprisonment.

WHEREFORE, Mr. Kendricks prays that the court impose a reasonable sentence of 37 months imprisonment to be followed by a term of supervised release.

Dated: This 20th day of February, 2017.

Respectfully submitted,

/s/ *Nicole M. Kaplan*
NICOLE M. KAPLAN
GEORGIA STATE BAR NO. 382495
ATTORNEY FOR MR. KENDRICKS

Federal Defender Program, Inc.
Suite 1500, Centennial Tower
101 Marietta Street, N.W.
Atlanta, Georgia 30303
(404) 688-7530

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Sentencing Memorandum was formatted in Times New Roman 14pt, in accordance with Local Rule 5.1B, and was electronically filed this day with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following Assistant United States Attorney of record:

>Katie Terry, Esq.
>Assistant United States Attorney
>600 Richard B. Russell Building
>75 Spring Street, S. W.
>Atlanta, Georgia  30303

Dated:  This 20th day of February, 2017.


>/s/ *Nicole M. Kaplan*
>NICOLE M. KAPLAN